IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FIDC, L.L.C.,**

    **Plaintiff,**

v.                                         No. _____
                                             **JURY TRIAL DEMANDED**

**SECURA INSURANCE COMPANY,**

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, FIDC, L.L.C., and for its Complaint against the Defendant, SECURA Insurance Company, states as follows:

### PARTIES, VENUE, & JURISDICTION

1.  Plaintiff FIDC, L.L.C., ("Plaintiff") is a limited liability company formed under the laws of the State of Missouri, with its principal office also located in Missouri. Plaintiff consists of a single member, who is a resident and citizen of the State of Missouri.

2.  Plaintiff is the owner of the commercial property located at and around 6740-6746 Romiss Court, Saint Louis, Missouri (the "Insured Premises"), which is covered by the Policy (defined below).

3.  Defendant, Secura Insurance Company ("Defendant"), is an insurance company organized and existing under the laws of the State of Wisconsin with its principal place of business located in Wisconsin.  Defendant is licensed to, and does conduct, insurance business in the State of Missouri, including Saint Louis County.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332 because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of Missouri, and Defendant is a citizen of Wisconsin.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Insured Premises is situated in this District, and the events giving rise to the claim upon which this suit is based occurred in this District.

## GENERAL ALLEGATIONS

### The Policy

6. At all times relevant hereto, Plaintiff was insured pursuant to an insurance contract whereby Defendant agreed to insure the Insured Premises against property damage, bearing Policy No. 20-CP-003154747-14 (the "Policy").  A copy of the Policy is attached as ***Exhibit 1*** to this Complaint and is incorporated herein by reference as if set forth verbatim. As relevant hereto, the term of the policy was September 30, 2024 through September 30, 2025 (although Defendant had insured the Insured Premises via predecessor policy(ies)).

7. The Policy provided insurance coverage for direct physical loss of or damage to the Insured Premises. The Policy is an "all risks" policy, which means that it provides insurance coverage for all direct physical loss of or damage to covered property within the policy period, except as specifically excluded or limited by the Policy.

8. The Policy's coverage for the Insured Premises was on a replacement cost valuation basis, which means that coverage is provided on a replacement cost basis without deduction for depreciation.

9. The Policy provided a limit of insurance coverage for the Insured Premises in the amount of $7,344,000.00.

10. The Policy includes a deductible of $146,880.00 for hail and/or wind damage.

11. Pursuant to the Policy, Plaintiff paid a premium to Defendant in exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this Complaint.

## The Loss

12. On or about May 19, 2025, a severe storm event involving large hail and strong winds struck the Insured Premises causing substantial damage (the "Loss").

13. As a result of the Loss, the Insured Premises suffered immediate direct physical loss, including but not limited to, damages to the roofing system (*e.g.*, punctures and openings, depressions, and bruising to the built-up-roof system, along with uplifting and disengaging of the modified bitumen caused by wind).

14. The Policy was in effect at the time of the Loss.

15. As it relates to the Loss, there is no applicable exclusion or limitation.

16. The damage is visible to the naked eye and was clearly caused by hail and wind.

17. The damage requires removing and replacing the roofing system down to the deck.

## The Insurance Claim & Investigation

18. Plaintiff promptly notified Defendant of the Loss.

19. Defendant assigned claim number C0189652 to the claim for the Loss.

20. Defendant retained Nederveld Forensic Engineering ("Nederveld") to inspect the Insured Premises for hail and/or wind damage on or about September 29, 2025.

21. Nederveld issued a report dated October 8, 2025 that confirmed that hail had recently fallen at the Insured Premises and that hail of up to 1.25" may have impacted the Insured Premises during the term of the Policy (the "Nederveld Initial Report").

22. Despite Nederveld's confirmation that hail may have fallen at the Insured Premises during the term of the Policy, Nederveld denied that the Insured Premises' roof was damaged by the Loss.

23. Plaintiff engaged a licensed professional engineer, Steve Prosser, P.E. of Prosser & Associates, to inspect the Insured Premises.

24. Mr. Prosser issued a report dated December 1, 2025 that confirmed that the Loss damaged the Insured Premises, necessitating, among other things, removal and replacement of the roof and multiple other repairs.

25. Plaintiff provided Mr. Prosser's engineering report to Defendant via email dated December 2, 2025.

26. In response to Mr. Prosser's engineering report, Defendant retained Nederveld to issue a supplemental report dated December 16, 2026 (the "Nederveld Supplemental Report").

27. The Nederveld Supplemental Report confirmed that a hailstorm with up to 1.25" hail occurred at the Insured Premises on May 19, 2025 (the date of the Loss).

28. Despite agreeing that hail struck the Insured Premises, Nederveld stood by its position asserted in the Nederveld Initial Report that the roof was not damaged by the Loss.

<u>Plaintiff's Damages & Defendant's Refusal to Issue Payment</u>

29. Based on Mr. Prosser's report and the corrective actions listed therein, Plaintiff requested that a contractor, Magnus Construction ("Magnus"), provide an estimate of the amount of loss.

30. Magnus issued an estimate dated August 14, 2025 in the amount of $1,625,173.81 (RCV).

31. On October 21, 2025, based on Magnus' estimate, Plaintiff executed a Sworn Statement in Proof of Loss claiming damages totaling $1,625,173.81 (RCV) less deductible, depreciation, and subject to any applicable limits (the "Proof of Loss").

32. Plaintiff provided Magnus estimate' and the Proof of Loss to Defendant via email dated October 22, 2025.

33. Via letter dated January 8, 2026, Defendant denied Plaintiff's claim and refused to issue payment for the Loss.

34. Based on Magnus' estimate of $1,625,173.81 less the Policy's $146,880.00 deductible, the amount in controversy is (at a minimum) $1,478,293.81.

35. As pricing increases over time due to inflation (among other factors), the amount of the replacement/repair cost for said corrective actions may increase.

36. Plaintiff cannot make the necessary repairs without the insurance benefits, and Defendant's refusal to issue payment for the same has prevent Plaintiff from making the necessary repairs.

<u>The Loss is Compensable Pursuant to the Policy</u>

37. Hail damage is covered by the Policy.

38. Wind damage is covered by the Policy.

39. Plaintiff fulfilled all duties after the Loss that were imposed upon it by the Policy.

40. All conditions precedent to obtaining payment of benefits under the Policy have been complied with, met, waived by Defendant, or otherwise satisfied.

5

41. Despite the significant, undeniable, and obvious hail and wind damage to the Insured Premises and the fact that Plaintiff is at no fault in this matter, Defendant has wrongfully refused to pay Plaintiff's claim in full, in contravention of the express terms and conditions of the Policy, as well as Missouri law.

42. Pursuant to the Policy's terms, Defendant is obligated to pay Plaintiff for the Loss it suffered. Nonetheless, Defendant has breached—and continues to breach—its obligations to Plaintiff by failing and refusing to tender to Plaintiff the insurance benefits due and owing under the Policy and by failing to compensate Plaintiff fully for this covered Loss.

43. Defendant has failed to fully indemnify Plaintiff for the damage to the Insured Premises caused by the Loss, as required by the Policy.

44. To date, Defendant has failed to fully and properly pay Plaintiff's claim from the Loss, as required by the Policy.

45. Defendant's failure and refusal to fully pay for the Loss is without reasonable cause or excuse, and there is no reasonable coverage dispute concerning the Loss.

46. Defendant's failure to and refusal to pay for the Loss is a material breach of the Policy and is without justification.

## COUNT I
### Breach of Contract

47. Plaintiff incorporates by reference all of the above paragraphs as if fully set forth herein.

48. The Policy issued by Defendant to Plaintiff is a binding contract and is supported by valid consideration.

49. It is Defendant's duty to pay the amounts due under the Policy for the covered Loss, including the cost of all necessary repairs and/or replacements.

50. Defendant is in material breach of the Policy, and Defendant is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss. Specifically, Defendant breached its contract with Plaintiff by its failure and refusal to fully and promptly pay the amounts owed to Plaintiff as a result of the Loss and as required by the terms of the Policy.

51. As a result of Defendant's breach of contract, Plaintiff sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to, amounts owed pursuant to the Policy for the damage to the Insured Premises and all other amounts to which Plaintiff is contractually entitled pursuant to the Policy, as well as consequential damages, plus interest thereon.

52. Defendant's actions and breaches have further caused Plaintiff great and substantial harm due to the fact that Plaintiff has been unable to repair and/or replace the damage caused by the Loss as a result of the financial hardship unduly placed upon it as a direct and proximate result of Defendant's failure to pay Plaintiff the proper amounts as required by the Policy.

53. By reason of Defendant's breach, Plaintiff has been deprived of the benefits due and owing under the Policy.

54. Defendant is liable to Plaintiff for its Loss.

55. As a direct and proximate result of Defendant's breach of the terms of the insurance contract, Plaintiff has suffered and continues to suffer damages, at a minimum, of $1,478,293.81, which is in excess of $75,000.

**WHEREFORE**, Plaintiff prays this Court enter an award against Defendant for: compensatory damages, consequential damages, pre-judgment interest, costs of this action, specific performance, and such other and further relief this Court may deem just and proper.

## COUNT II
### Vexatious Refusal to Pay - Mo. Rev. Stat. § 375.420

56. Plaintiff incorporates by reference all of the above paragraphs as if fully set forth herein.

57. Despite proper demand for payment of the coverage provided under the terms of the Policy, Defendant has failed, neglected, and refused to make full payment to Plaintiff under, and in accordance, with the terms and provisions of the Policy.

58. Further, Defendant intentionally refused to pay without reasonable cause or excuse, as evidenced, in part, by Defendant's actions as described below:

   a. Defendant misrepresented: (i) the facts regarding the investigation of Plaintiff's claim; and (ii) the Policy provisions relating to Defendant's coverage and payment obligations;

   b. Defendant failed to attempt in good faith to effectuate the coverage provisions provided by the Policy;

   c. Defendant failed and refused to attempt in any reasonable manner to undertake adequate claim investigation efforts and ignored facts and evidence making coverage clear, obvious, and apparent;

   d. Defendant refused and failed to conduct a reasonable investigation of Plaintiff's claim based on all available information;

   e. Defendant refused and failed to obtain all reasonably available information and generally ignored Plaintiff's valid claim;

   f. Defendant failed to adopt, implement, and enforce reasonable standards for the prompt investigation and settlement of claims arising under its insurance policies;

8

  g. Defendant failed to promptly provide Plaintiff with a reasonable explanation for its refusal to pay Plaintiff's claim in full;

  h. Defendant failed to timely and fully pay all amounts due and owing under the Policy with no reasonable or justifiable basis;

  i. Defendant made untrue, false, and fabricated representations regarding the existence of damage and the coverage provided by the Policy, all while Defendant knew that these representations were untrue;

  j. Defendant failed to promptly provide a reasonable and accurate explanation of its justifications and reason for not paying Plaintiff's claim in full; and

  k. Defendant engaged in such other acts toward Plaintiff that are contrary to the duties owed to Plaintiff as established by the customs and practices in the industry, the law, and the Policy.

59. Defendant's refusal to pay Plaintiff the amounts due and owing under the policy of insurance is vexatious and without reasonable cause or excuse, and Plaintiff is entitled to the relief and remedies provided under Mo. Rev. Stat. § 375.420, including additional damages from Defendant in the amount of twenty percent (20%) of the first fifteen hundred dollars ($1,500) of the loss, ten percent (10%) of the amount of the loss in excess of fifteen hundred dollars ($1,500) and a reasonable attorney's fee.

**WHEREFORE**, Plaintiff prays this Court enter an award against Defendant for vexatious damages to be calculated pursuant to Mo. Rev. Stat. § 375.420, including a reasonable attorney's fee, and such other further relief this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a jury.

Dated: February 2, 2026                    **McWHERTER SCOTT & BOBBITT, PLC**

/s/ Clinton H. Scott
CLINTON H. SCOTT
(MO Bar #71257)
54 Exeter Rd., Ste. D
Jackson, Tennessee 38305
Telephone: (731) 664-1340
Facsimile: (731) 664-1540
clint@msb.law

**THE WINTERS LAW GROUP, LLC**

/s/ Douglas J. Winters
DOUGLAS J. WINTERS
(MO Bar #65284)
7700 Bonhomme Ave., Ste. 575
St. Louis, Missouri 63105
Tel (314) 499-5200
Fax (314) 499-5201
dwinters@winterslg.com

*Attorneys for Plaintiff*